IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TOWD POINT MASTER FUNDING TRUST 2019-PM7, U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>    Appellant,<br><br>    v.<br><br>PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA, SUBSTITUTE TRUSTEE, *et al.*,<br><br>    Appellees. | Civil Action No. 1:24-cv-779 (RDA/WEF)<br>Adv. Proc. No. 23-ap-1040 (KHK) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on an appeal by Appellant Towd Point Master Funding Trust 2019-PM7, U.S. Bank National Association, as Trustee ("Appellant" or "Towd Point"). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering Appellant's Brief (Dkt. 5) and Appellee Thomas P. Gorman's Brief (Dkt. 7), this Court DISMISSES the Appeal for the reasons that follow.

I. BACKGROUND

On October 14, 2020, Deok Hee and David Clay Pridgen (the "Debtors") filed for joint bankruptcy relief under Chapter 13 of the Bankruptcy Code. Dkt. 2-1 at 1. In the Schedules supporting their Petition, Debtors identified an unsecured liability of $132,730.00 owed to "Specialized Loan Serv" as "Remaining Balance After Foreclosure, Credit Line Secured." *In re Pridgen*, No. 20-bk-12272-HKH, Schedule E/F: Creditors Who Have Unsecured Claims, filed on October 14, 2020, Dkt. 1 at 25 (Bankr. E.D. Va.). Debtors neither scheduled as an asset nor

1

exempted any sum of the proceeds from the December 2019 foreclosure on the filed joint Schedules A, B, or C. *Id.* at 12-19.

On December 17, 2020, Towd Point Filed a Proof of Claim in the Claims Register for $132,952.23. *In re Pridgen*, No. 20-bk-12272-HKH, Proof of Claim, Claim 11-1, filed December 17, 2020 (Bankr. E.D. Va.). In the Proof of Claim, Towd Point indicated that "Specialized Loan Servicing LLC" was another name by which it was known to the Debtors. *Id.* On February 27, 2021, Towd Point filed a Transfer of Claim of Claim 11-1 to "FirstKey Master Funding 2021 – A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust C/O Serviced by Specialized Loan Servicing, LLC" ("FirstKey"). *Id.*, Transfer of Claim Other Than For Security, filed February 27, 2021, Dkt. 37. The Transfer of Claim identified that all notices and payments should be sent to Specialized Loan Servicing LLC and the Transfer was filed by the transferee's agent, Matthew Tillma. *Id.* On January 20, 2022, Mr. Tillma – on behalf of FirstKey – indicated to the Debtors, the Chapter 13 Trustee, and all interested parties that FirstKey "considers the Proof of Claim filed on **December 17, 2020**, and assigned claim number **11-1**, satisfied as of the date of this Notice." *Id.*, Notice of Satisfaction of Proof of Claim #11-1, filed January 20, 2022, Dkt. 46. The Notice of Satisfaction further stated that "future disbursements on claim number 11-1 should cease at this time." *Id.*

On May 26, 2023, Professional Foreclosure Corporation of Virginia, Substitute Trustee filed an action in the Circuit Court of Fairfax County against Deok Hee Pridgen, Towd Point, and Appellee. *See Pro. Foreclosure Corp. of Va., Substitute Trustee v. Pridgen, et al.*, No. 23-cv-699-MSN-JFA, Order, Dkt. 7 (E.D. Va.). That complaint requested to interplead surplus funds following the foreclosure sale. *Id.*, Dkt. 1-1. Essentially, Professional Foreclosure Corporation of Virginia sought a trustee commission related to the foreclosure and sought an order from a court

permitting it to disburse the surplus funds of the foreclosure sale to Appellee as the Bankruptcy Trustee. *Id.* On May 26, 2023, Towd Point removed the action to federal court, where the case was assigned to U.S. District Judge Michael S. Nachmanoff. *Id.* Order, Dkt. 7 (E.D. Va.). Thereafter, Appellee moved for entry of an order referring the matter to the Bankruptcy Court, which was unopposed. *Id.* (indicating that no party had submitted a response or opposition). Judge Nachmanoff also noted that, "[i]n removing this action, Towd Point stated that the basis for removal is a claim related to a bankruptcy case." *Id.* Accordingly, Judge Nachmanoff referred the case to the Bankruptcy Court and instructed that it be opened as an adversary proceeding. *Id.*[1]

Thereafter, the matter was opened in the Bankruptcy Court as an adversary proceeding. *See Pro. Foreclosure Corp. of Va., Substitute Trustee v. Pridgen, et al.*, No. 23-ap-1040 (E.D. Va.). Appellee then moved for summary judgment on the basis that Towd Point's interest in the surplus foreclosure funds had been satisfied and that Appellee, as Bankruptcy Trustee and successor to the foreclosed property, should receive the funds. *Id.*, Motion for Summary Judgment, filed on January 31, 2024, Dkt. 12.

On March 19, 2024, the Bankruptcy Court held a hearing on the motion. *Id.*, Transcript of March 19, 2024 Hearing, filed on April 5, 2024, Dkt. 25. Despite the removal of the case to this Court on the basis of the bankruptcy proceeding, Towd Point argued at the hearing that "[t]here was nothing about the bankruptcy that should have affected the interpleader at all." *Id.* at 10. Towd Point further suggested that, because the case had nothing to do with the bankruptcy proceedings, perhaps it should be remanded to state court (even though it was the party that removed the case to federal court). *Id.* at 17. At the conclusion of the hearing, the Bankruptcy

---

[1] Given that this appeal arises out of the adversary proceeding that Judge Nachmanoff instructed be opened at the Bankruptcy Court, the parties should have notified the Clerk's Office of the related case.

3

Court ruled, holding that "Towd lacks standing to assert a right to the funds at issue because it assigned its claim and . . . the assignee of the claim filed a notice of satisfaction of that claim." *Id.* at 21.

On April 1, 2024, the Bankruptcy Court issued an order formally granting the motion for summary judgment. *Id.*, Order Granting Motion for Summary Judgment, filed April 1, 2024, Dkt. 21. The Order specifically: (i) granted the motion for summary judgment; and (ii) found that the surplus funds would be turned over to Appellee for administration. *Id.*

On April 11, 2024, the Bankruptcy Court held a second hearing on Professional Foreclosure Corporation of Virginia's request for approval of its request to receive trustee fees and costs out of the surplus funds. *Id.* Transcript of April 11, 2024 Hearing, filed May 15, 2024, Dkt. 40. On behalf of the creditors, Appellee indicated that he did not oppose the request for fees and costs. *Id.* at 4. After further discussion, the Bankruptcy Court granted the application and awarded: fees in the amount of $2,887.50, costs in the amount of $605, and a commission in the amount of $17,480. *Id.* at 8. The Bankruptcy Court also approved Appellee's request to pay the surplus amount of $39,998.61 to Appellee for administration. *Id.*

On April 24, 2024, the Bankruptcy Court issued an Order consistent with its determination at the hearing. *Id.*, Order Paying Funds to the Chapter 13 Trustee, filed April 24, 2024, Dkt. 31.

On May 8, 2024, Towd Point filed its Notice of Appeal indicating that it was appealing only the Order Paying Funds to the Chapter 13 Trustee. *Id.*, Notice of Appeal and Statement of Election, filed May 8, 2024, Dkt. 33. That same Notice of Appeal was filed in *this* case. Dkt. 1. The Notice of Appeal also attaches only the Order Paying Funds to the Chapter 13 Trustee. *Id.*

Significantly, Towd Point never appealed the Order Granting Motion for Summary Judgment, which was premised on the Bankruptcy Court's finding that it lacked standing.

## II. STANDARD OF REVIEW

The Federal Rules of Bankruptcy Procedure govern notices of appeal arising from bankruptcy cases. Rule 8003 provides "[a]n appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." Bankr. R. 8003(a)(1). The failure to file a timely notice of appeal deprives the district court of jurisdiction to hear an appeal. *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1111 (4th Cir. 1986) (failure to file notice of appeal robbed district court of jurisdiction to hear appeal from bankruptcy matter); Bankr. R. 8003(a)(2). A notice of appeal must: (i) substantially conform to the appropriate Official Form; (ii) be accompanied by the judgment or the appealable order from which the appeal is taken; and (iii) be accompanied by the prescribed fee. Bankr. R. 8003(a)(3).

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010) (citation omitted). Decisions committed to the bankruptcy court's discretion are reviewed for abuse of discretion. *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992). A bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." F.R. Bankr. P. 8013. A bankruptcy court's conclusions of law are subject to *de novo* review on appeal. *See In re Meredith*, 527 F.3d 372, 375 (4th Cir. 2008); *In re Phinney*, 405 B.R. 170, 175 (E.D. Va. 2009). Where there are issues that present both questions of law and fact, factual inquiries are reviewed by a clearly erroneous standard, and the legal conclusions derived

5

therefrom are reviewed *de novo*. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996).

## III. ANALYSIS

Before turning to the issues on appeal raised by Appellant, the Court must first address a question regarding this Court's jurisdiction to review the issues that Towd Point has raised. Towd Point did not appeal the Bankruptcy Court's Order Granting Motion for Summary Judgment. Yet, it was in response to the motion for summary judgment that Towd Point raised many of the pertinent issues that Towd Point raises here. *Comp. Pro. Foreclosure Corp. of Va., Substitute Trustee v. Pridgen, et al.*, No. 23-ap-1040, Opposition to Motion for Summary Judgment, filed February 14, 2024, Dkt. 16 (E.D. Va.) (arguing that Towd Point is entitled to the proceeds, that the proceeds are not properly part of the Bankruptcy estate, and that the assignment of Claim 11 does not impact its entitlement to the proceeds) *with* Dkt. 5 at 8-9, Appellant's Brief (arguing that the proceeds are not part of the Bankruptcy Estate and that summary judgment was improperly granted in favor of Appellee). Indeed, it is in response to the motion for summary judgment that the Bankruptcy Court determined that Towd Point lacked standing and it is from that decision that other actions of which Towd Point complains flow.

Towd Point's failure to appeal the grant of summary judgment in favor of Appellee precludes this Court's review now. Courts, including various Courts of Appeals, recognize that a reviewing district court is limited to the review of only those orders identified in the notice of appeal. *See In re Bush*, 2021 WL 1327226, at *2 (6th Cir. Jan. 12, 2021) ("But the fact remains that Bush failed to comply with the requirements of Rule 8003(a), and the district court therefore should have considered Bush's appeal only from the order identified in her notice of appeal . . . ."); *In re Alston*, 756 F. App'x 160, 162 (3d Cir. 2019) (finding that the debtor waived review of

6

several bankruptcy court orders because, although he referenced those orders in his brief, he failed to identify or attach them to his notice of appeal to the district court); *Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 922 (7th Cir. 2004) ("We are doubtful that a notice of appeal that failed to indicate the order appealed from could nonetheless be thought to comply with [Rule 8003(a)] . . . for how could a notice that omitted such essential information be thought to 'conform substantially' to the official form [as required by Rule 8003(a)]?"). The Fourth Circuit has similarly recognized the importance of designating specific orders in notices of appeal. *See Jones v. Prince George's Cnty., Md.*, 355 F. App'x 724, 728 (4th Cir. 2009) (holding that a notice of appeal which explicitly referenced one order but failed to designate another did not grant the court jurisdiction to hear the non-designated order). Applying this body of law, judges in this District have held that they lack jurisdiction to consider orders not included in a notice of appeal. *See In re Parker*, 2014 WL 4809844, at *4 (E.D. Va. Sept. 26, 2014). It follows that, this Court also lacks jurisdiction to review the Order Granting the Motion for Summary Judgment or the attendant issues decided by that Order regarding standing, whether Appellee was entitled to the surplus funds, and whether the surplus funds were part of the Bankruptcy estate.

Moreover, the failure to appeal the Order Granting the Motion for Summary Judgment is fatal to the appeal of the Order Paying Funds to the Chapter 13 Trustee, because the Order Granting the Motion for Summary Judgment determined that Towd Point lacked standing, and that Appellee was entitled to the surplus funds. The arguments by Appellant make clear that the relief he seeks is not limited to the Order Paying Funds to the Chapter 13 Trustee and would necessarily implicate the Order Granting the Motion for Summary Judgment. *See* Dkt. 5 at 4 (arguing on appeal that the Bankruptcy Court's "orders" should be vacated because the surplus funds were not part of the bankruptcy estate and because the Bankruptcy Court misapplied the summary judgment standard).

This Court and other judges in this District have addressed similar circumstances where the failure to appeal one order defines the result of the appeal of another order. In *Raja v. Deutsche Bank Nat'l Trust Co.*, 2024 WL 4845977 (E.D. Va. Nov. 20, 2024), this Court determined that "without the ability to challenge the findings in the bankruptcy proceeding[,] any relief with respect to the adversary proceeding would be ineffectual." *Id.* at *6. Likewise, another judge in this District has previously recognized the futility of an appeal where a party failed to appeal the appropriate order. *See MT Tech. Enter., LLC v. Nolte*, Civ. Action No. 3:15-cv-669, 2016 WL 234846, at *2 (E.D. Va. Jan. 19, 2016) ("Even if this Court reversed the Bankruptcy Court's decision regarding dischargability in the Adversary Proceeding, this Court cannot reverse the decision disallowing MT's claim, as MT did not present that order for review on appeal. Without the power to review the claim disallowance . . . this Court cannot 'grant any effectual relief whatever' to MT."). Here, the Court is unable to review the determination that Towd Point lacks standing and that the surplus funds should be turned over to Appellee as those determinations were made in the Order Granting the Motion for Summary Judgment. Because Towd Point cannot challenge the decision that the funds belonged to Appellee, Towd Point lacks standing to challenge the Order Paying Funds to the Chapter 13 Trustee, which is the only order which has been appealed here.[2]

This Court will therefore dismiss the appeal because the Court lacks jurisdiction to review the Order Granting the Motion for Summary Judgment and because, given that unreviewable

---

[2] That the funds were not formally transferred to Appellee until the Order Paying Funds to the Chapter 13 Trustee issued is of no consequence. It was the Order Granting the Motion for Summary Judgment that determined that the funds "shall be turned over to Trustee for administration" and determined that Towd Point lacked standing and was not entitled to the funds. Thus, without an appeal of that Order, Towd Point has no basis on which to appeal the subsequent Order Paying Funds to the Chapter 13 Trustee which simply formalized the transfer of the funds to Appellee – after the prior determination that Appellee was entitled to the funds – less the amounts due to the Plaintiff in the adversary proceeding.

determination, Towd Point lacks standing to appeal the Order Paying Funds to the Chapter 13 Trustee.[3]

## IV.    CONCLUSION

In sum, Appellant failed to file a Notice of Appeal with respect to the Order Granting the Motion for Summary Judgment. Dkt. 1 (appealing only the Order Paying Funds to the Chapter 13 Trustee). This failure deprives the Court of jurisdiction to review the Bankruptcy Court's decision that Appellee was entitled to summary judgment, that Appellee is entitled to the surplus funds, or that Towd Point lacks standing, each of which is central to the issues that Towd Point seeks to raise on appeal here.

Accordingly, it is hereby ORDERED that this appeal is DISMISSED; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
March 25, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[3] Although the Court does not reach the merits of the appeal, the Court is skeptical of Towd Point's arguments. To begin with, it was *Towd Point* that made the surplus funds part of the bankruptcy proceedings. It was *Towd Point* who removed the state action to federal court, *Towd Point* who stated that the basis for removal was the pending bankruptcy proceeding, and *Towd Point* who did not oppose the referral of the case to the Bankruptcy Court. *See Pro. Foreclosure Corp. of Va., Substitute Trustee v. Pridgen, et al.*, No. 23-cv-699-MSN-JFA, Order, Dkt. 7 (E.D. Va.). Moreover, Towd Point never filed a motion to dismiss the adversary proceeding nor filed its own motion for summary judgment. Additionally, Towd Point's argument regarding its alleged entitlement to the funds also fails to persuade. The surplus funds were related to the foreclosure. Towd Point put in a claim for the same liability that would provide it an entitlement to the funds, Towd Point then reassigned its claim, and the entity to which it reassigned the claim stated that the claim was satisfied. Now that it appears that there may be some money available, Towd Point seeks to essentially revive the claim that its assignee stated was satisfied. As noted, the Court is skeptical that Towd Point can bring its claim – that it voluntarily reassigned – back to life in this manner.